IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS F. MUSGROVE,
     Petitioner,

vs.                             Case No: 3:06cv512/MCR/EMT

JAMES McDONOUGH,
     Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Petitioner initiated this action on November 7, 2006, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). On March 14, 2007, Respondent filed an answer to the petition and relevant portions of the state court record (Doc. 11). The following day, March 15, 2007, Petitioner was ordered to file a reply to Respondent's answer on or before April 4, 2007 (Doc. 12). Petitioner failed to file a reply as directed. Additionally, no activity has occurred in this case since March 15, 2007, except the filing of a Notice of Appearance and Substitution of Counsel by Respondent on June 3, 2008, which was approximately one year and six months ago (*see* Doc. 14).

In mid-October 2009, it came to the attention of the undersigned that Petitioner was released from incarceration in the Florida Department of Corrections ("DOC") on May 30, 2009, and that his stated residence upon release according to DOC records is: 2803 Bradford Place, #3, Fort Walton Beach, Florida 32548. *See* www.dc.state.fl.us/InmateReleases (last searched November 19, 2009, copy of results attached). Petitioner, however, failed to update his address of record with the court as required. Moreover, the relief sought by Petitioner in this action is an order vacating his sentence (*see* Doc. 1 at 15)—a sentence Petitioner has completed.

Therefore, on October 29, 2009, this court entered an order giving Petitioner twenty (20) days in which to notify the court of his continued interest in pursuing this case.[1]  The order was mailed to Petitioner at his stated address upon release from the DOC and his address of record, a correctional institution; the order mailed to the correctional institution was returned as undeliverable, but the order mailed to Petitioner's stated address upon release has not been returned to the court as of the filing date of this order.  Moreover, the time for compliance with the show cause order has elapsed, and Petitioner has failed to respond.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** without prejudice for Petitioner's failure to comply with an order of the court and want of prosecution.

At Pensacola, Florida, this 23rd day of November 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] In relevant part, the order to show cause noted:  (1) that Petitioner failed to file a reply to Respondent's answer as directed (*see* N.D. Fla. Loc. R. 41.1(B) ("the court may enter an order to show cause why a claim, counterclaim, cross claim, or defense, should not be dismissed for failure to comply with . . . a court order," and if "good cause is not shown, a dismissal may be entered for this reason."); (2) that no activity had occurred in this case in well over a year (*see* N.D. Fla. Loc. R. 41.1(A) (when "no activity by filing of pleadings, orders of the court or otherwise has occurred for a period of more than ninety (90) days in any civil action, the court may, on . . . its own motion, enter an order to show cause why the case should not be dismissed," and if "no satisfactory cause is shown, the case may then be dismissed by the court for want of prosecution."); and (3) that Petitioner failed to update his address with the court.

Case No: 3:06cv512/MCR/EMT